Era SEALES *v.* Eugene DUCKETT et ux

73-89                                    499 S.W. 2d 626

Opinion delivered October 8, 1973

*David J. Porter,* and *Potter & Potter,* for appellant.

*Ed Alford,* for appellees.

J. Fred Jones, Justice. This is an appeal by Era Seales from a chancery court decree establishing a boundary line between her property and that of Eugene Duckett and wife.

Mrs. Seales and her deceased husband acquired approximately five acres of land by metes and bounds description in 1935. Their deed is not in the record but the south 205 feet of the tract apparently extended east *to* the county road and was bounded on the east by a county road and on the south by a state highway. The south end of the tract measured 390 feet. Mr. and Mrs. Seales sold approximately one-third of an acre by metes and bounds description, from the southeast corner of the tract, and a store building was built thereon. The deed description of this one-third acre started at the same point where the description in the Seales' deed started, which was the southeast corner of the Seales' tract and recites as follows:

Run thence west 80 feet, thence north 65 feet, thence west 30 feet, thence north 75 feet, thence east 110 feet, thence south 140 feet to the point of beginning.

The evidence is uncontradicted, that in laying out this one-third acre tract, Mr. and Mrs. Seales and their grantees

first measured the north 110 foot boundary line by beginning at its east end in the center of the county road. The store building was erected on the south 65 feet of this irregularly shaped plot and was located within the area measuring 65 feet north and south and 80 feet east and west. The Seales home is located on the south portion of the acreage they retained and is west of the store building located on the one-third acre they sold. The one-third acre with the store building thereon changed hands by mesne conveyance several times after Mr. and Mrs. Seales first sold it to a relative in 1951. Mr. and Mrs. Duckett first acquired title to the the property in 1967. They sold it in 1970 and reacquired it later that year under the same legal description as follows:

> Part of the E ½ of the SW ¼ of the NE ¼ of Section 15, Township 5 South, Range 28 West beginning at the SE corner of said forty acres and run 270 feet West, thence North 318 feet to point of beginning, thence West 80 feet, thence North 65 feet, thence West 30 feet, thence North 75 feet, thence East 110 feet, thence South 140 feet to point of beginning containing one-third acre, more or less.

The Ducketts tore down the old store building on the property and erected a new combination grocery store and gas station building thereon. Mrs. Seales filed the present suit against the Ducketts alleging that the north and south line between her property and that of the Ducketts was seven feet west of the old store and station building and that the Ducketts, in constructing their new building, had encroached on her property. She alleged that from 1951 until 1967 when the Ducketts first purchased the property, the dividing line between the two parcels of land had been agreed upon, considered and accepted by all parties concerned, as running seven feet west of the old store building, and that she had exercised continuous adverse possession of the property west of such division line. She alleged that within the past two years the Ducketts had torn down the old building and station and had erected a new building and station at least three feet west of said division line and on her property. She prayed for an injunction against the Ducketts from using

any of the property west of the new station and grocery store.

The Ducketts denied that their building or improvements encroached on Mrs. Seales' land and denied the existence of a mutual ageement as to the west boundary line. They admitted they had constructed a new building on the site of the old building but denied they had been using any part of Mrs. Seales' land. The Ducketts alleged affirmatively that in August, 1970, Mrs. Seales executed an affidavit of adverse possession regarding the lands in question in which she stated that the Ducketts, and those under whom they held, had had actual and undisputed possession of the lands described in the deed for more than 30 years, and they argued that Mrs. Seales was estopped to deny their possession.

The chancellor found that upon the north portion, the 75x110 foot portion of the tract involved, a home was built over 20 years ago and a fence was erected on the 75 foot west boundary line by the owners, and that this fence was agreed by the owners as being on the west boundary line of this portion of the tract. The chancellor also found that a fence had been built from the southwest corner of this portion of the tract for a distance of 30 feet east to the northwest corner of the south portion, or the 65x80 foot portion of the tract, and that this constituted the boundary line. The chancellor found that there was much evidence that the west or 65 foot boundary line of the south, or 65x80 foot portion of the tract, was seven feet west of the west wall of the old store building by agreement of the parties concerned, but no fence or other monuments had ever been erected along this line.

The chancellor found that Duckett tore down the old store building and built a new one with its west line being four feet further west than the west wall of the old building. The chancellor observed in his findings that Duckett testified that he claimed 15 to 20 feet west of the old store building but that Duckett's wife agreed that Mrs. Seales had always gathered the pecans from the pecan trees in this area. The court then found the true western boundary line immediately west of the old store building to commence at an old corner post 30 feet east

of the southwest corner of the north 75x110 foot portion of the tract, and to run south seven feet from the old store building. The chancellor found that Mrs. Seales had established a right to the property west of this line by adverse possession. As to the "lower part of the 65 feet," the chancellor found from Duckett's testimony that he built a new store four feet further west than the old one and that he claimed 15 to 20 feet west of the old store. The chancellor then found the proper division line to this area to be 11 feet west of the new store's west edge.

The chancellor's findings are not clear to us for the reason that the plat offered in evidence as plaintiff's exhibit No. 1 and from which all parties testified, simply shows the metes and bounds description as above set out but does not indicate where either the old or new store building is located on the south 65x80 foot portion of the tract. In any event, the chancellor amended his original decree and fixed a boundary line as follows:

> "Commence at the northwest fence corner of the Duckett property and run south along the existing fence 75 feet; thence run east to within one foot of the west wall of the new store; thence south to a point one foot west of the southwest corner of the ice house at the southwest corner of the new store; thence west 20 feet; thence south to the State Highway."

Mrs. Seales testified that the true boundary line was seven feet west of the old store building and when the Ducketts rebuilt the store building and gas station, the structure was built three feet west of the true boundary line and on her property and in doing so they ruined one of her pecan trees. She said, however, that she never did mention the matter to Mr. and Mrs. Duckett during the course of construction. All the owners of the one-third acre tract prior to the Ducketts, testified that the west boundary line of the south portion of the property was seven feet west of the old store building. Mr. Oscar Young, who first sold the property to the Ducketts in 1967, said he told Duckett that the boundary line ran seven feet west of the store building. This was denied by Duckett. The appellant has assisted us considerably on trial de novo

because she does not question the chancellor's decree in its entirety but states the issue in her argument as follows:

"The sole issue contested is the line drawn from a point '1 foot West of the Southwest corner of the ice house at the Southwest corner of the new store; thence West 20 feet; thence South to the State Highway.' "

The appellant then argues that there is no evidence to support this erratic change in direction of the boundary line and we are forced to the conclusion that the appellant is right in this contention. A survey was attempted in an effort to locate the boundary line of the property involved but admittedly the survey was of no probative value.

The Ducketts contend that the problem arose by reason of the Sealeses laying out the boundaries of the one-third acre from the center of the county road on the east side of the property rather than from the west side of the road as called for in the deed description, and they contend that Mrs. Seales' affidavit of adverse possession above referred to, estops her from contending otherwise. Mrs. Seales as well as Mr. Turner, who owned the property at the time, and for whose benefit the affidavit was made, testified that Mrs. Seales stated at the time she made the affidavit that the west boundary line of the one-third acre tract ran seven feet west of the old store building. The affidavit simply referred to the deed description of the property and we conclude that the chancellor did not err in holding it did not work an estoppel under the evidence in this case.

From the record before us it would appear that the west line of the 65x80 foot south portion of the tract ran within seven feet of the old store building that had been on the property, and that the new building was built with its west wall extending to some extent west of this boundary line. It is apparent from the record that Mrs. Seales acquiesced, or at least she did not object, to the Ducketts building their building with its west wall extending onto her property and, as a matter of fact, she does not contend that the building should be removed

from the property but seems to acquiesce in accepting the chancellor's decree that the west line of the 65x80 foot tract should extend within one foot of the new store building. Apparently none of the parties, in preparation of this case for trial, measured the distance from either the center or the west side of the county road to the west wall of the store building, and the record does not show the distance from the southwest corner of the new store building south to the highway.

Apparently the chancellor based that portion of his decree complained of by Mrs. Seales in this case, on adverse use by Duckett and his predecessors in title, but we find no evidence in the record that would sustain this portion of the decree. No one ever questioned Mrs. Seales' ownership of the property to within seven feet of the west wall of the old store building until Duckett purchased the property in 1967. Duckett said he built his new building with its west wall extending approximately four feet further west than the old building, but that he claimed and exercised dominion over an area 15 or 20 feet west of the old building. This testimony falls far short of proving adverse possession sufficient to establish title to the area involved. It is admitted by all parties concerned that trucks make deliveries of merchandise to the rear or west end of the store building on the property, but certainly there is no evidence that any one ever claimed title to this area adverse to Mrs. Seales until the claim made by Mr. Duckett after he purchased the property in 1967, well within the past seven years. As a matter of fact Mr. Young, from whom Mr. Duckett first purchased the property, testified that he attempted to purchase the area involved from Mr. Seales; that Mr. Seales refused to sell at any price but permitted him to use the area.

We are of the opinion that the evidence establishes that the old store building was constructed seven feet from the west boundary line of the south 65x80 foot portion of the tract or else that boundary line was established seven feet west of the old store building. Whatever the situation in this regard, it would appear that the true west boundary line should extend its entire length of 65 feet to the south line of the original tract. In any event,

we find no evidence in the record that Duckett has acquired title by adverse possession or otherwise to that portion of the property from "1 foot west of the Southwest corner of the ice house at the Southwest corner of the new store; thence West 20 feet; thence South to the State Highway."

We conclude, therefore, that this case should be remanded to the chancellor for the entry of a decree fixing the boundary lines in a manner not inconsistent with this opinion.

Reversed and remanded.